**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TOBY LEGG,** | § | |
| | § | |
| **Plaintiff,** | § | Civil Action No. |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| **WALMART INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

Defendant WALMART INC. ("Defendant") in the above-styled action, hereby files its Notice of Removal by and through the undersigned attorneys of record. Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, the above-captioned action is removed from the 489th Judicial District Court, Kaufman County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and as grounds for such removal, Defendant respectfully states as follows:

**I.**
**STATE COURT ACTION**

On December 1, 2023, Toby Legg ("Plaintiff") filed Plaintiff's Original Petition in the 489th Judicial District Court of Kaufman County, Texas, styled *Toby Legg v. Walmart Inc.*; Cause No. 115820-489 (the "State Court Action").

In his Original Petition, Plaintiff claims Defendant "terminated Plaintiff because of his age in violation of Section 21 of the Texas Labor Code." *See Plaintiff's Original Petition* ¶ 84, attached hereto as Exhibit C.

**II.**
**PROCEDURAL REQUIREMENTS**

Defendant was served with the Original Petition on December 6, 2023.

1

On or about January 4, 2024, Defendant removed this matter on the basis of Diversity Jurisdiction.

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) - within thirty (30) days of the receipt of a copy of the initial pleading setting forth the claim for relief from which it may first be ascertained that the case is one which is or has become removable. This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. §§ 1441, 1446(a).

Pursuant to 28 U.S.C. § 1446(a) and LR 81.1, Defendant is attaching a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action, attached hereto as Exhibits C through E.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the District Clerk of Kaufman County, Texas.

### III.
### THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a)(1)

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)1, and this matter is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b). As set forth below, the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, removal to this Court is proper.

By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including, but not limited to, lack of subject matter jurisdiction, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

### A. **Complete Diversity of Citizenship Exists**

Plaintiff pled that he resides in Texas. *See* Petition, ¶ 6. And, upon information and belief, Plaintiff is domiciled there, making him a citizen of the state of Texas. As set forth in Defendant's Corporate Disclosure Statement, Defendant is a citizen of the state of Delaware (where it is incorporated) and the State of Arkansas (where it maintains its principal place of business).

Such diversity of citizenship existed both when the Petition was filed and at the time of filing this Notice of Removal. Accordingly, complete diversity exists between all parties satisfying the requirements of 28 U.S.C. § 1332(a)(1).

### B. **The Amount in Controversy Requirement is Met**

Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or by introducing other evidence to establish that the amount in controversy exceeds $75,000. *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720,723 (5th Cir. 2002).

Here, Plaintiff seeks monetary relief of $300,000 to $1,000,0000 (Petition, ¶ 5) and, pursuant to Tex. Labor Code Ann. § 21.2585, Plaintiff could recover up to $300,000 in compensatory and punitive damages alone, well in excess of the jurisdictional minimum. *White v. FCI USA, Inc.,* 319 F.3d 672, 674–76 (5th Cir. 2003) (affirming finding that alleged compensatory damages or punitive damages alone in wrongful termination case would exceed $75,000).

Accordingly, it is apparent that the amount in controversy for this matter exceeds the jurisdictional minimum for removal. 28 U.S.C. § 1332(a)(1); *Theriot v. Transamerica Life Ins. Co.,* 354 F. Supp. 3d 713, 718 (E.D. Tex. 2017) ("The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

### C. <u>Compliance with LR 81.1</u>

Pursuant to LR 81.1(a)(1-2), Defendant's Civil Cover Sheet and Supplemental Civil Cover Sheet (including list of Counsel of Record) are filed of record contemporaneously with the filing of this Notice.

Pursuant to 28 U.S.C. § 1446(a), and LR 81.1(a)(4)(A-D), Defendant is attaching to this Notice of Removal a true and correct copy of:

    a. An index that clearly identifies each document that was filed in the State Court Action and the date the document was filed, attached hereto as Exhibit A;

    b. A copy of the docket sheet in the State Court Action, attached hereto as Exhibit B;

    c. Each document filed in the State Court Action, attached hereto as Exhibits C through E; and

    d. A signed certificate of interested persons that complies with L.R. 3.1(c) or 3.2(e), attached hereto as Exhibit F.

### IV.
### <u>PRAYER</u>

Wherefore, Defendant WALMART INC. removes this action from the 489th Judicial District Court of Kaufman County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over this case, as provided by law.

Respectfully submitted,

By: */s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com
Jennifer C. Ohn
Texas Bar No. 24100350
jcohn@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street
Suite 4450
Dallas, TX 75201
Telephone: (214) 256-4700
Fax: (214) 256-4701

**ATTORNEYS FOR DEFENDANT
WALMART INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2024, I caused a true and correct copy of the above and foregoing ***Defendant Walmart, Inc.'s Notice of Removal to*** be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record:

Christopher C. Antone
KILGORE & KILGORE, PLLC
3141 Hood St. Ste 500
Dallas, TX 75219
(214) 379-0832
(214) 379-0840
cca@kilgorelaw.com
Attorneys for Plaintiff

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich

5